

**KYLE S. WILLEMS**
SHAREHOLDER
Licensed in MN and WI
T  612.376.1604
F  612.746.1204
KWILLEMS@BASSFORD.COM

February 20, 2023

*VIA ELECTRONIC FILING*

The Honorable Judge Gary R. Brown
Judge of the District Court

Re:  *Jenna Marie Duncan, individually and on behalf of all others similarly situated v. Kahala Franchising, L.L.C.*
Court File No.:  2:22-cv-07841 (GRB/AYS)

Your Honor:

Pursuant to Your Honor's Individual Practice Rule II(f), Defendant Kahala Franchising, L.L.C. ("Kahala") requests a pre-motion conference where Kahala will seek leave to file a motion to dismiss this case in its entirety. At issue in this case is whether in-store placards identifying ice cream flavors would lead a reasonable consumer to believe the ice cream contains certain ingredients. While the placards do not market the ice cream as "made with" the identified flavor, Plaintiff alleges precisely that. *See* Compl. ¶¶ 5, 13-15. Plaintiff's allegations fail as a matter of law.

First, Plaintiff lacks Article III standing with respect to all but one of the "Products" defined in the Complaint, as she only purchased pistachio flavored ice cream. *See* Compl. ¶¶ 5, 11. The party seeking a federal forum must always establish the threshold issue of their standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus, Plaintiff "must allege and show that [she] personally [has] been injured, not that injury has been suffered by other, unidentified members of the class . . . they purport to represent." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n. 5 (2d Cir. 2008) (citations omitted).

Second, Plaintiff's deceptive trade practices and false advertising claims arising under N.Y.G.B.L. §§ 349 and 350 (the "Advertising Claims") are deficient as a matter of law because Plaintiff cannot show that a reasonable consumer would be confused that the ice cream flavor placards indicated actual ingredients. The Advertising Claims are governed by the "reasonable consumer" test. "The standard for whether an act or practice is misleading is an objective one, requiring a showing that a reasonable consumer would have been misled by the defendant's conduct." *Rivas v. Hershey Co.,* No. 19-CV-3379, 2020 WL 4287272, at *3 (E.D.N.Y. July 27, 2020) (citations omitted) "[P]laintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Sarr v. BEF Foods, Inc.*, No. 18-CV-6409, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020). Instead, Plaintiff must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.,* 744 F. App'x 18, 19 (2d Cir. 2021). Moreover, "When

Page 2

analyzing whether a label is deceptive, courts do not view the label in isolation. Instead, '[c]ourts view each allegedly misleading statement in light of its context [of the] advertisement as a whole.'" *Pichardo v. Only What You Need, Inc.*, No. 20-CV-493, 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020) (citations omitted).

Plaintiff's Advertising Claims do not satisfy the reasonable consumer test. The S.D.N.Y has addressed this very issue multiple times in the so-called "SDNY Vanilla Cases," where plaintiffs have unsuccessfully alleged that various uses of the term "vanilla" on food product labels are misleading. *See, e.g., Cruz v. D.F. Staffer Biscuit Co., Inc.*, No. 20-CV-2402, 2021 WL 5119395, at *5 (S.D.N.Y. Nov. 4, 2021) (collecting cases and holding "that the word 'vanilla' . . . made a representation about the *flavor* of the product rather than its [ingredients]."). The same applies here. In the context of ordering scoops of ice cream, no reasonable consumer would understand the placards to be anything more than indicating the flavor of the ice cream. As in the SDNY Vanilla cases, "reasonable consumers associate the word ['pistachio'] with a flavor, not an ingredient." *Twohig v. Shop-Rite Supermarkets*, 519 F.Supp.3d 154, 162 (S.D.N.Y. 2021). This, coupled with the fact that there were no additional language modifiers such as "made with" to accompany the placards, leads to the conclusion that "the label of the Product does not represent anything about the Product's ingredients." *Id.* at 163.

Plaintiff's breach of express and implied warranty claims similarly fail. An express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y. U.C.C. Section 2-313(1)(a). Plaintiff alleges that Defendant "explicitly named the Products after specific ingredients," Compl. ¶ 57, but points to no express statements such as being "made with" pistachios. *See Twohig*, 519 F.Supp.3d at 167.

A breach of implied warranty occurs when a product fails to "conform to the promises or affirmations of fact made on the container or label if any," N.Y. U.C.C. 2-314(2)(f), which in the context of flavor placards is whether the product tastes like pistachio ice cream. Plaintiff does not allege the product did not taste like pistachios nor that the product is unmerchantable. "To the extent the Complaint alleges that the Product does not conform to any promise or affirmation of fact made on its label, Plaintiff's claim fails for the same reason as their express warranty claim." *Twohig*, 519 F.Supp.3d at 167.

Plaintiff's alternative claim for unjust enrichment "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012). This means that if the Court dismisses Plaintiff's Advertising Claims, it must dismiss her unjust enrichment claim, too.

Kahala respectfully requests leave from the Court to make these arguments in more detail in a formal motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Kahala is also willing to further discuss this motion and a briefing schedule at the pre-motion conference.

Respectfully Submitted,<br>
**/s/ Kyle S. Willems**<br>
Kyle S. Willems