Robert Abiri, Esq.
abiri@cd-lawyers.com

March 8, 2023

**VIA ECF**

The Honorable Judge Gary R. Brown
Eastern District of New York

    Re:    *Duncan v. Kahala Franchising, L.L.C.,* No. 2:22-cv-07841 – Response to Defendant Kahala Franchising, L.L.C.'s Pre-Motion Conference Letter

To the Honorable Judge Brown:

    I write on behalf of Plaintiff Jenna Marie Duncan ("Plaintiff") in response to Defendant Kahala Franchising, L.L.C.'s ("Defendant") February 20, 2023 pre-motion letter ("Letter") (ECF No. 15) requesting a conference where Kahala will seek leave to file a motion to dismiss Plaintiff's Class Action Complaint (ECF No. 1) ("CAC") in its entirety.

    Plaintiff is a purchaser of Defendant's Pistachio Ice Cream, one of several ice cream products at issue in this litigation (the "Products"). CAC ¶¶ 1-2, 11. Defendant has marketed the Products with the names of specific ingredients, representing to its customers that the Products contain those advertised ingredients. *Id.* For example, a reasonable consumer would expect that Defendant's Pistachio Ice Cream contains pistachios. However, it does not contain *any* pistachio, and the same applies for all the Products. *Id.* at ¶¶ 1-2, 16. Defendant's arguments are addressed below.

    First, Defendant's argument that Plaintiff does not have standing to bring claims challenging unpurchased products is in stark contrast to Second Circuit precedent. *Wai Chu v. Samsung Elecs. Am., Inc.*, 2020 WL 1330662, at *3 (S.D.N.Y. Mar. 23, 2020) (holding that, pursuant to the Second Circuit decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012), a "named plaintiff has standing to bring class action claims under state consumer protection laws for products that he did not purchase, so long as those products, and the false or deceptive manner in which they were marketed, are sufficiently similar to the products that the named plaintiff did purchase.")

    Second, as Defendant acknowledges, Plaintiff's claims are governed by the reasonable consumer standard. Under this standard, Plaintiff must only prove, at trial, that reasonable consumers are ***likely to be deceived*** by a representation. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (emphasis added). Notably, "the reasonable consumer standard ... raises questions of fact that are appropriate for

Robert Abiri, Esq.
abiri@cd-lawyers.com

resolution on a motion to dismiss only in 'rare situation[s].'" *Atik v. Welch Foods, Inc.*, No. 15CV5405MKBVMS, 2016 WL 5678474, at *8 (E.D.N.Y. Sept. 30, 2016) (citation omitted).

This is not one of the "rare situations" where a reasonable consumer could not plausibly be misled. Indeed, courts routinely find that similar ingredient representations could plausibly deceive reasonable consumers. *Izquierdo* is on all-fours. *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 461-62 (S.D.N.Y. 2020) (finding that plaintiff plausibly alleged that, based on Panera Bread's in-store naming of their "Blueberry Bagel" product, a "reasonable consumer is likely to be misled into believing that the Bagel's blueberry content consists solely of real blueberries, when in fact the Bagel contains primarily imitation blueberries with a lesser quantity of real blueberries.") Similarly, Defendant advertises its in-store products by a name which references specific ingredients. CAC ¶¶ 1-2, 11-13. Other courts are in accord with *Izquierdo*. *See, e.g., Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 581 (S.D.N.Y. 2021) (finding that reasonable consumers plausibly interpret a "Smokehouse" representation on almond product to mean that the product is smoked rather than smoke-flavored, finding that "nothing else on the front of the packaging would alert consumers that the "Smokehouse®" label refers only to the almonds' flavor, rather than the flavoring process, such as words like 'smoky flavor.'") Similarly, as demonstrated in the pictures included in the CAC, nothing informs consumers that the named ingredients are merely flavors. CAC ¶ 11. Notably, *competitor ice cream products include their named ingredients*. *Id.* ¶ 19 (alleging that Haagen-Dazs Pistachio Ice Cream and "even Thrifty brand ice cream, a less premium brand than Cold Stone Creamery, has pistachio in its pistachio ice cream.") Defendant's reference to "Vanilla" cases is inapposite, as even courts dismissing such cases have noted that "Vanilla" cases are in a distinct category as *vanilla typically refers to a flavor, not an ingredient*. *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 581 (S.D.N.Y. 2021) ("However, as in *Steele*, *Pichardo*, and *Cosgrove*, the term [Vanilla] appears to describe a flavor more than an ingredient.") Thus, reasonable consumers are plausibly deceived by Defendant's representations.

Given that Plaintiff has plausibly alleged her GBL claims, she has also plausibly pled her warranty claims. *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 482–83 (S.D.N.Y. 2014) (finding that plaintiff's express warranty claim rises and falls with his GBL claims, and that plaintiff adequately plead his warranty claims when alleging that "Defendant promised on the labels and in advertising that the products were 'Active Naturals,' yet the products contained mostly synthetic ingredients."); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 470 (S.D.N.Y. 2020) (sustaining implied warranty claim when the challenged product did not conform to promises on its packaging).

Lastly, Defendant argues that Plaintiff cannot maintain her claim for unjust enrichment because it is purportedly "duplicative" of her other claims. However, to the extent the Court finds that Plaintiff's claim for unjust enrichment is duplicative, Plaintiff is permitted to plead claims in the alternative at this stage. *TOT Payments, LLC v. First Data Corp.*, 128 A.D.3d 468, 469, (2015); *see also* Fed. R. Civ. P 8(d) (allowing parties to plead claims in the alternative).

Robert Abiri, Esq.
abiri@cd-lawyers.com

Respectfully submitted,

Robert Abiri