

**KYLE S. WILLEMS**
SHAREHOLDER
Licensed in MN and WI

T  612.376.1604
F  612.746.1204
KWILLEMS@BASSFORD.COM

September 7, 2023

*VIA ELECTRONIC FILING*

The Honorable Judge Gary R. Brown
Judge of the District Court
Eastern District of New York

Re:  *Jenna Marie Duncan, individually and on behalf of all others similarly situated, v. Kahala Franchising, L.L.C.*
Court File No.:  2:22-cv-07841

Your Honor:

Pursuant to your Individual Practice Rule II(f), Defendant Kahala Franchising, L.L.C. ("Kahala") requests a pre-motion conference where Kahala will seek leave to file a motion to dismiss Plaintiff's First Amended Class Action Complaint, Dkt. No. 21 ("Amended Complaint"), with prejudice. Kahala submits this request because Plaintiff's consumer survey does not salvage her implausible claims.[1]

As the Court succinctly determined in dismissing Plaintiff's Complaint, could "the plaintiff, in buying an ice cream at a . . . retail shop where it's sold by the scoop . . . from a vat that is labeled simply with the word pistachio and nothing more, . . . expect that by definition there would be . . . real pistachio ingredients in the ice cream? And I think the answer is no." *See* Dkt. No. 22, at 22:9-18 (hereinafter "Tr.").

The Court agreed with the S.D.N.Y. "Vanilla Cases" logic that "the word vanilla made representation[s] about flavor rather than the ingredient" and "the same logic applies here to the pistachio cases." *See* Tr. at 23:1-2, 26:1-7. It also noted that there were "no representation[s] made" about "all-natural ingredients or the highest" quality ingredients and these issues were not before the Court. *Id*. at 23:3-10. Moreover, it found that the price point, which forms the basis of Plaintiff's damages, "could be based on a lot of things" other than the ingredients contained in the products. *Id*. at 25:6-11. Lastly, and significantly, the Court found it "implausible" that "single word descriptions of the ice cream can reasonably be relied on by consumers or would be deemed as misleading to consumers." *Id*. at 25:22-26:2.

---

[1] For the sake of economy, Kahala will not repeat all arguments contained in its original pre-motion conference letter and instead incorporates by reference and expressly preserves all arguments previously raised therein. *See* Dkt. No. 15.

BASSFORD REMELE

Page 2

Plaintiff's "consumer survey does not salvage Plaintiff's claims." *Parham v. Aldi, Inc.*, No. 19 Civ. 8975, 2021 WL 4296432, at *5-8 (S.D.N.Y. Sept. 21, 2021) (collecting cases regarding consumer surveys and concluding that adding surveys cannot alone salvage implausible claims); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F.Supp.3d 154, 163-64 (S.D.N.Y. 2021) (same); *Mitchell v. Whole Foods Market Grp., Inc.*, No. 20 Civ. 8496, 2022 WL 657044, at *7-8 (S.D.N.Y. March 4, 2022) (same). Under the "reasonable consumer" standard, a plaintiff must allege that the deceptive act is "likely to mislead a consumer acting reasonably under the circumstances." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (emphasis added). The Court already held that when taking the entire consumer experience into account, including the other flavor placards such as cotton candy and butter pecan, it would be "implausible" to be deceived by "these single word descriptions of the ice cream" or that the placards would "reasonably be relied on by consumers or would be deemed as misleading to consumers." *See* Tr. at 25:22-26:2.[2]

The consumer survey does not establish that respondents acted reasonably by relying on single-word descriptions of ice cream flavors, particularly in light of the fact that they were only asked about specific flavors, not asked to consider all other flavor placards, not instructed to consider the overall context of the Cold Stone experience, such as "Step 1: Select a Flavor," and impermissibly suggests the flavor placard conveys something about the products' ingredients. *See* Dkt. No. 21-1, at 11 (emphasis added), *see also In re KIND LLC "Healthy and All Natural" Litig.*, 627 F.Supp.3d 269, 287-88 (S.D.N.Y. 2022) ("'improperly suggestive' questions" designed to validate Plaintiff's theory of the case not admissible nor assistive to issue at hand).

Moreover, Plaintiff's Amended Complaint mirrors the original Complaint by failing to establish any damages. *See* N.Y. GBL § 349-50 (stating that sections 349 and 350 have three elements, including injury). The Court already determined that the price point "could be based on a lot of things" other than the ingredients, Tr. at 25:6-11, but the consumer survey is silent as to whether respondents would have paid less than the advertised price had they known the product did not contain the particular ingredient based on the single word descriptions of ice cream flavors.

Finally, the consumer survey is not reliable to the extent it lacks controls in how Plaintiffs purchased ice cream products. Plaintiff's consumer survey indicates that only 20.8% of the respondents purchased Cold Stone ice cream in the past three months. *See* Dkt. No. 21-1, at 9-10. It is unknown how, or where, the remaining consumers purchased other brands of ice cream, or whether the remaining respondents have ever been to, or purchased Cold Stone products from, Cold Stone. Plaintiff therefore compares apples to oranges by relying on data submitted by individuals who have no knowledge of Cold Stone's products, thereby "weaken[ing] the relevance and credibility of the survey" given the leading and suggestive nature of the questions and their unfamiliarity with Cold Stone. *In re KIND LLC*, 627 F.Supp.3d at 287 (citations omitted).

Respectfully submitted,

**/s/ Kyle S. Willems**
Kyle S. Willems

---

[2] This is supported by the fact that "[c]otton candy is absolutely artificially flavored," as are most other flavors. *Id*. at 25:21-22.